UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINE RIOS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON.COM SERVICES, LLC, a foreign limited liability company; AMAZON RETAIL LLC, a foreign limited liability company; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No. 2:25-cv-2220<br><br>**NOTICE OF REMOVAL**<br><br>Removed from King County Superior Court (Case No. 24-2-22659-1 SEA)<br><br>[28 U.S.C. §§ 1332(d), 1441, 1446, and 1453] |

**TO: THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

**AND TO: PLAINTIFF AND ALL ATTORNEYS OF RECORD**

**NOTICE IS HEREBY GIVEN THAT:**

Defendants Amazon.com Services, LLC and Amazon Retail LLC (collectively, "Defendants"), by and through counsel, hereby remove the above-entitled action from the Superior Court of the State of Washington in and for King County to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, because minimal diversity exists under the Class Action Fairness Act, there are more than 100 members in the putative class, and the amount in controversy exceeds $5 million. Defendants deny the



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

allegations and relief sought, and file this Notice without waiving any defenses, exceptions, or obligation that may exist in its favor. Defendants will provide additional evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.

## I. PROCEDURAL BACKGROUND

1. On October 3, 2024, Plaintiff Christine Rios filed a complaint in King County Superior Court (the "Complaint") individually and on behalf of the members of a Class.

2. On October 4, 2024, Plaintiff served copies of the Summons and Complaint, Civil Case Cover Sheet, and Order Setting Civil Case Schedule on the registered agent for Defendants. A true and correct copy of the Summons and Complaint is attached as **Exhibit A**.

3. In the Complaint, Plaintiff asserts claims on behalf of the following putative class (the "Class"):

> All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with Amazon.com Services LLC or Amazon Retail LLC where the job posting did not disclose a wage scale or salary range.

Complaint ¶ 41.

4. Plaintiff seeks $5,000 in statutory damages on behalf of herself and each class member based on Defendants' alleged failure to disclose wage or salary ranges on job postings for positions in Washington, purportedly in violation of RCW 49.58.110. *Id.* ¶¶ 51-54, 57. Additionally, the Complaint seeks a statutory award of attorneys fees. *Id.* ¶ 55.

## II. VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Washington embraces the place where this action is pending, King County Superior Court.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## IV. ORIGINAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

6. This lawsuit is a putative class action.[1] Removal based on the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (1) minimal diversity of citizenship exists between one or more class members and Defendants; (2) there are more than 100 members in the putative class; and (3) the Complaint places in controversy more than $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453. Although Defendants deny Plaintiff's factual allegations and deny that Plaintiff—and the class she purports to represent—is entitled to the relief requested in the Complaint, all requirements for jurisdiction under CAFA have been met in this case based on Plaintiff's allegations.

### A. Minimal Diversity of Citizenship Exists.

7. To establish CAFA's diversity requirement, a party seeking removal must establish only that minimal diversity exists, that is, that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *see also*, *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

8. Minimal diversity exists under 28 U.S.C. § 1332(d)(2) because at least one putative class member and Defendants are citizens of different states.

[1] Defendants deny and reserve the right to contest Plaintiff's contention that this action can properly proceed as a class action.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**1. Defendants are Citizens of Washington and Delaware.[2]**

9. Under CAFA, a limited liability company ("LLC") is a citizen of the state in which its principal place of business is located and the state under whose laws it was organized. *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 714–15 (N.D. Cal. 2021); 28 U.S.C. § 1332(d)(10).

10. Amazon.com Services, LLC is organized under the laws of the state of Delaware and has its principal place of business in Washington. Amazon.com Services, LLC is therefore a citizen of Washington and Delaware.

11. Amazon Retail LLC is organized under the laws of the state of Delaware and has its principal place of business in Washington. Amazon Retail LLC is therefore a citizen of Washington and Delaware.[3]

12. Plaintiff alleges that she applied to a job posting and position with Amazon.com Services, LLC on or around April 20, 2024. Complaint ¶¶ 26-31, Ex. 1.

**2. At Least One Putative Class Member is Neither a Citizen of Washington or Delaware.**

13. "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Domicile is determined by "an individual's 1) residence in a state, and

---

[2] Under 28 U.S.C. § 1441(b)(1), the citizenship of a defendant sued under a fictitious name shall be disregarded. *See also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998) (disregarding the citizenship of defendants sued under fictitious names for purposes of removal); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (same). Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on Defendants' ability to remove.

[3] When jurisdiction is based on traditional diversity, an LLC is considered to be a citizen of every state of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Both Amazon.com Services, LLC and Amazon Retail LLC are citizens of Washington and Delaware under this test, as well. The sole member of both LLCs is an entity organized under the laws of Delaware with a principal place of business in Washington.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

2) [her] intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

14. Defendants' investigation has revealed that a large percentage of putative class members are residents of states other than Washington or Delaware. This finding makes sense because the class definition is not limited to Washington residents.

15. Because at least one putative class member and Defendants are citizens of different states, minimal diversity is satisfied.

**B. The Putative Class Has More than 100 Members.**

16. CAFA's requirement that the proposed class membership be no less than 100 members is satisfied here because Defendants' investigation has revealed that the putative class has more than 100 members. *See* 28 U.S.C. § 1332(d)(5).

17. Plaintiff alleges she applied for the position of "Bodily Injury and Litigation Auto Claims Examiner, Logistics Claims Management" with Amazon.com Services LLC. Complaint Ex. 1. The job advertisement attached to the Complaint stated that Amazon was open to hiring candidates to work in one of several locations. One of the locations listed was Seattle, WA. The job advertisement further stated: "The base pay for this position ranges from $59,300 in the lowest geographic market to $142,800 in the highest geographic market." *Id*. Defendants maintain that this advertisement is compliant with RCW 49.58.110 because it contains the "wage scale or salary range" for the position and that accordingly, this case should promptly be dismissed. Plaintiff has represented that she maintains that the job advertisement to which she applied was not compliant with the statute because it did not contain a subset of the wage range *specific* to the Seattle, WA location.

18. Plaintiff asserts claims on behalf of a putative class comprised of all individuals who applied for a job opening in Washington from January 1, 2023, through the present, where the job posting did not contain wage scale or salary range information. Complaint ¶ 41.



**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Defendants reserve the right to oppose class certification, to dispute Plaintiff's class definition, and to dispute Plaintiff's interpretation of the statutory requirements in RCW 49.58.110. Based on Amazon's initial investigation, it will be difficult if not impossible to conclusively identify many potential class members. However, assuming the foregoing statutory requirements are all defined in the manner in which Defendants understand Plaintiff interprets the statute (over Defendants' objection), Amazon's investigation has found that the putative Class, as defined, includes over 1,100 individuals. Thus, the putative Class contains more than 100 members.

**C. The $5,000,000 Amount in Controversy Requirement Is Satisfied.[4]**

19. Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

20. A removing defendant's notice of removal must contain only "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014). The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 89–90 (quoting H.R. Rep. No. 112–10, p. 16 (2011)). There is no presumption against removal in cases invoking CAFA because Congress intended to "facilitate adjudication of certain class actions in federal court." *Id.* at 87.

21. While Defendants deny Plaintiff's factual allegations and further deny that Plaintiff and the putative Class she seeks to represent are entitled to any relief whatsoever, the amount in

[4] This Notice of Removal addresses the nature and amount of damages the Complaint places in controversy. Defendants refer to specific damages estimates and cite to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. Defendants maintain that each of Plaintiff's claims lack merit and that Defendants are not liable to Plaintiff or any putative class member in any amount whatsoever. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

controversy "more likely than not" is in excess of the $5 million threshold when aggregating the claims of the putative Class members as set forth in 28 U.S.C. § 1332(d)(6).

22. If Plaintiff's interpretation of the statute were correct, at least 1,100 job applicants would meet Plaintiff's class definition in this matter, because at least 1,100 individuals have applied to job postings covered by the statute in which the posted pay scale covered multiple geographic locations, including Washington and non-Washington locations.

23. Because Defendants' investigation has revealed that there are over 1,100 putative class members, and because Plaintiff has specifically requested statutory damages for herself and each putative class member of $5,000 pursuant to RCW 49.58.070 and RCW 49.58.110, there is at least $5,500,000 (1,100 putative class Members x $5,000) in statutory damages in controversy. Complaint ¶ 40.

24. Accordingly, although Defendants expressly and emphatically deny Plaintiff's factual allegations and prayer for relief and deny that Plaintiff is entitled to any relief whatsoever, the amount in controversy more likely than not exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332(d)(2).

## III. REMOVAL IS TIMELY

25. Under 28 U.S.C. § 1446(b), a defendant must remove a case within 30 days of either (1) service of a complaint that states facts sufficient to make removability apparent or (2) an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." However, as long as neither of these 30-day periods has been triggered, a CAFA case may be removed at any time. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013); *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013). A complaint only triggers the 30-day period if it alleges all the facts necessary for diversity jurisdiction under CAFA. *Kuxhausen*, 707 F.3d at 1141. While a defendant must exercise a "reasonable amount of intelligence in ascertaining removability," which includes "[m]ultiplying figures clearly stated in the complaint," *id.* at 1140, a defendant



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

does not lose the right to remove by waiting to conduct its own internal investigation to ascertain whether CAFA's jurisdiction requirements are satisfied. *Roth*, F.3d at 1125 ("even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation"); *see also Morgan v. Twitter, Inc.*, No. 2:22-CV-00122-MKD, 2023 WL 3271147, at *10 (E.D. Wash. May 5, 2023) (30-day deadline not triggered where complaint sought $5,000 in liquidated damages per class member but did not contain an estimate of the number of individuals the class would encompass; defendant would not be charged with knowledge of the number of people who met the definition of class member); *Calloway v. Affiliated Computer Servs., Inc.*, No. 2:13-CV-01648-KJM, 2014 WL 791546, at *4 (E.D. Cal. Feb. 25, 2014) (30-day deadline not triggered where defendant had to "look beyond the complaint" and use its own internal information systems to determine the number of potential class members and thereby determine removability).

26. Plaintiff's Complaint does not trigger the 30-day removal deadline. The Complaint seeks $5,000 in statutory damages on behalf of Plaintiff and each Class member, Complaint ¶ 40, but does not allege the number of putative class members except to state that it was more than 40. *Id.* ¶ 22 ("Plaintiff and more than 40 Class members applied to job openings with Defendants for positions located in Washington where the postings did not disclose the wage scale or salary range being offered."). If the class included 40 class members, and they each sought $5,000 in statutory damages, that would only put $200,000 (plus attorney fees) at issue in the case. Indeed, the Complaint actually alleges that federal jurisdiction is inappropriate because, among other things, it alleges "the amount in controversy does not exceed the sum or value of $5,000,000 exclusive of interest and costs." *Id.* ¶ 14. Therefore, the Complaint on its face does not contain sufficient facts to demonstrate that the amount in controversy exceeds $5,000,000 as required for jurisdiction under CAFA, or that the case was otherwise removable, and did not trigger the 30-day removal clock.



**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

27. Nevertheless, through their own investigation of internal records, Defendants have ascertained that there are at least 1,100 putative class members, putting the amount in controversy well over $5,000,000.

28. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## V. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

29. Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

30. Defendants have sought no similar relief.

31. The prerequisites for removal under 28 U.S.C. §§ 1332(d)(2), 1441 and 1446 have been met.

32. Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(d)(2), removal of this action is proper pursuant to 28 U.S.C. § 1441.

33. Based on the information presently available to Amazon, it is more likely than not that Plaintiff applied for a position with Amazon.com Services LLC in good faith and has standing in this Court under Article III. To establish that she has standing, a plaintiff must present sufficient facts to show she has suffered an "injury in fact," *i.e.*, an invasion of a legally protected interest that is (1) concrete and particularized and (2) actual or imminent, not conjectural or hypothetical. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992). To be particularized, the injury "must affect the plaintiff in a personal and individual way." *Id.* at 339 (quotation marks omitted). Courts in this district have recognized that applicants who applied for a position with good faith intent to obtain employment have sufficient injury to establish standing. *See, e.g.*, *Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056, 1071 (W.D. Wash. 2024), *modified on reconsideration*, No. 23-CV-1742-BJR, 2024 WL 3199860 (W.D. Wash. June 26, 2024).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

34. Initially, the Complaint alleges that "Plaintiff was qualified to perform the position for which she applied." Complaint ¶ 27. It further alleges that as a result of Defendants' alleged failure to comply with RCW 49.58.110, she "has experienced economic and non-economic harm as a direct result of Defendants' discriminatory hiring practices." *Id.* ¶ 36. Specifically, it alleges that she "remains unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively affects [her] current and lifetime wages," *id.* ¶ 33; that her "ability to negotiate pay remains adversely affected," *id.* ¶ 34; and that she "lost valuable time applying for a position for which the wage scale or salary range being offered was not disclosed," *id.* ¶ 35.

35. Moreover, based on the information presently available to Amazon through its investigation into its records, it is more likely than not that Plaintiff submitted an application and resume in a good faith effort to secure employment with Amazon.com Services LLC. On information and belief, she has not filed any other complaints alleging violations of RCW 49.58.110, so she is not a serial plaintiff. Further, Amazon's records show that plaintiff's application was complete; that she had experience and education relevant to the position to which she applied; and that the position to which she applied would be one that someone with her experience and background reasonably would seek and would want to seek.[5] In light of the fact that Plaintiff more likely than not applied for the position with good faith intent, it is also more likely than not that Plaintiff has suffered a concrete and particularized injury in fact and has Article III standing. In the event Plaintiff challenges whether she has standing, Defendants respectfully request jurisdictional discovery.

## VI. <u>CONCLUSION</u>

Based on the foregoing, removal is proper to this Court. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to conduct

---

[5] Amazon's research also indicates that Plaintiff applied to a different position than the one in the job advertisement attached to the complaint. Amazon preserves all arguments regarding the pertinent advertisement for purposes of the litigation, but this distinction has no impact on removal so Amazon does not discuss it further herein.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

jurisdictional discovery and to present a brief and oral argument in support of their position that this case is subject to removal.

DATED this 6th day of November, 2025.

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Damon C. Elder*
Damon C. Elder, WSBA #46754

By: s/ *Andrea Delgadillo Ostrovsky*
Andrea Delgadillo Ostrovsky, WSBA #37749

By: s/ *Katie Finrow*
Katie Finrow, WSBA # 38578

1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Fax: (206) 274-6401
Email: damon.elder@morganlewis.com
andrea.ostrovsky@morganlewis.com
katie.finrow@morganlewis.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on November 6, 2025, I served true and correct copies of the following documents upon all counsel who have appeared in the action in the manner indicated below:

1. Notice of Removal
2. Civil Cover Sheet
3. Verification of State Court Records
4. Corporate Disclosure Statement
5. Notice of Filing of Notice of Removal

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
**EMERY REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com
hannah@emeryreddy.com

*Attorneys for Plaintiff*

☐Via Legal Messengers
☐Via First Class Mail
☐Via Facsimile
☒Via Electronic Mail
☒Via CM/ECF

*s/ Trang La*
Trang La
Legal Assistant



**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401