UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINE RIOS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, et al.,<br><br>Defendants. | CASE NO. 2:25-cv-02220-JNW<br><br>ORDER GRANTING MOTION TO REMAND |

## 1. INTRODUCTION

This matter comes before the Court on Plaintiff Christine Rios's Motion to Remand. Dkt. No. 13. For the reasons below, the Court GRANTS the motion and REMANDS this case to King County Superior Court.

## 2. BACKGROUND

Plaintiff Christine Rios ("Rios"), individually and on behalf of others similarly situated, filed this putative class action in King County Superior Court on October 3, 2024. Dkt. No. 1-2. Rios alleges that Defendants Amazon.com Services LLC and Amazon Retail LLC ("Amazon") violated the pay transparency provision of the Washington Equal Pay and Opportunities Act (EPOA), RCW 49.58.110. *Id.* ¶ 28.

ORDER GRANTING MOTION TO REMAND - 1

Specifically, she alleges that the posting for the position she and the proposed class applied for did not disclose the wage scale or salary range. *Id.* ¶¶ 22, 23. Rios claims only that she was qualified to perform the position; she does not allege that she received any response, interview, or offer. *Id.* ¶ 27.

Amazon removed the action to this Court on November 6, 2025, asserting federal jurisdiction under the Class Action Fairness Act (CAFA), Dkt. No. 1, Amazon then moved to dismiss, Dkt. No. 9. Rios now moves to remand, arguing that removal was improper because the Court lacks Article III standing and CAFA jurisdiction. Dkt. No. 13. Rios's complaint mirrors many other putative class-action lawsuits filed by the same counsel and subsequently removed and remanded by courts in this District.

## 2.1    Statutory background.

In 1943, Washington passed its first equity pay legislation, the Equal Pay Act. *See* RCW 49.58.005. The Legislature amended the Act in 2018 after finding that "there continue[d] to be a gap in wages and advancement opportunities among workers in Washington, especially women and other protected classes." RCW 49.58.005. As amended, the statute—now the Equal Pay and Opportunities Act (EPOA)—aims "to address income disparities, employer discrimination, and retaliation practices, and to reflect the equal status of all workers in Washington state." *Id.*

Washington amended the EPOA again in 2022, to "increase the ability to negotiate pay" by requiring employers to disclose compensation information when

ORDER GRANTING MOTION TO REMAND - 2

posting a job vacancy. Dkt. No. 1-2 ¶ 5 (quoting H.B. Rep. ESSB 5761 (Wash. 2022)). The EPOA now requires employers to "disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant." RCW 49.58.110(1).

### 3.  LEGAL STANDARD

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz v. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). This limitation requires a plaintiff to have Article III standing. *FEC v. Ted Cruz for Senate*, 596 U.S. 289, 295–96 (2022). Without standing, the Court lacks subject matter jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "'If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.'" *Polo v. Innovations International, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (emphasis in original) (quoting 28 U.S.C. § 1447(c)). That rule "applies as well to a case removed pursuant to CAFA as to any other type of removed case." *Id.*

### 4.  DISCUSSION

**4.1    The Court lacks subject matter jurisdiction.**

The Court lacks subject matter jurisdiction because Rios does not have Article III standing, having failed to identify a concrete harm under the Ninth Circuit's *Magadia* analysis.

ORDER GRANTING MOTION TO REMAND - 3

### 4.1.1    A bare procedural violation of a statutory right without concrete harm does not establish an injury-in-fact.

Article III standing requires "(i) an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez,* 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. Only the first element—injury-in-fact—is disputed here. Dkt. No. 13.

Where standing rests on the violation of a statutory right, "a bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement. *Spokeo, Inc. v. Robins* (*Spokeo II*), 578 U.S. 330, 341 (2016). To determine whether a statutory violation works a concrete harm, courts engage in the Ninth Circuit's two-step *Magadia* analysis. *Magadia v. Wal-Mart Assocs.*, *Inc.*, 999 F.3d 668 (9th Cir. 2021), *abrogated on other grounds by, TransUnion*, 594 U.S. at 413. At step one, the Court must "consider 'whether the statutory provisions at issue were established to protect . . . concrete interests (as opposed to purely procedural rights).'" *Id.* (quoting *Robins v. Spokeo, Inc., 867 F.3d 1108, 1110 (9th Cir. 2017)). "If so, [the court] then assess[es] 'whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests.'" *Id.*

Step one is satisfied here. The parties do not dispute that the EPOA's disclosure requirement was established to protect concrete interests, and this

District has consistently held that the EPOA's wage disclosure requirement was established to protect concrete interests. *Milito v. Expedia Inc.*, No. 2:25-cv-02507-JHC, 2026 WL 915077, at *2 (W.D. Wash. Apr. 3, 2026). *See also Floyd v. Photon Infotech Inc.*, No. C24-01372-KKE, 2025 WL 3442736, at *3 (W.D. Wash. Dec. 1, 2025); *Spencer v. Vera Whole Health, Inc.*, No. C24-337 MJP, 2024 WL 3276578, at *3 (W.D. Wash. July 2, 2024).

The court turns to *Magadia's* second step.

### 4.1.2    The Complaint does not allege a concrete harm.

A plaintiff suffers actual or threatened harm from an EPOA disclosure violation—and thus satisfies *Magadia*'s second step—only if she was a bona fide applicant for employment. *Floyd*, 2025 WL 3442736, at *2. A bona fide applicant "must allege, at minimum, that they applied for the job with good-faith intent, and as such became personally exposed to the risk of harm caused by the violation." *Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056, 1071 (W.D. Wash. 2024), *other sections modified on reconsideration*, No. 23-CV-1742-BJR, 2024 WL 3199860 (W.D. Wash. June 26, 2024).

Rios does not allege that she applied for the job at Amazon with good-faith intent—she alleges no facts reflecting genuine interest in the position, like that she received a job interview, job offer, or that she engaged in pay negotiations. *See* Dkt. No 1-2. At most, she alleges that she was "qualified to perform the position for which she applied." *Id.* ¶ 27. But "being minimally qualified does not mean a

plaintiff genuinely intended to apply for a job." *Davis v. Delta Air Lines Inc.*, No. C24-0954-KKE, 2026 WL 914781, at \*6 (W.D. Wash. Apr. 3, 2026).

The Court also agrees with Rios that *Branson v. Washington Fine Wine & Spirits, LLC*, 574 P.3d 1031 (Wash. 2025), does not alter the Court's Article III standing analysis. *Branson* did not address whether an EPOA violation harms concrete interests for Article III purposes. *Floyd*, 2025 WL 3442736, at \*3.

### 4.1.3    Amazon's notice of removal does not supply standing.

Amazon contends that, even if the Complaint does not establish injury-in-fact, the allegations in its amended notice of removal do. Dkt. No. 15 at 8–10. In evaluating removal jurisdiction, the Court may look beyond the allegations in the complaint and may consider the allegations set forth in a defendant's notice of removal. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121–1122 (9th Cir. 2014). Considering those allegations, Amazon has not carried its burden to show Rios was a good-faith applicant.

Amazon first argues that Rios raises only a facial attack because she does not contend that she actually lacks standing. Dkt. No. 15 at 11. The characterization controls both the presumption Amazon's allegations receive and which party carries the burden of proof. The Court concludes that Rios raises a factual—not facial—attack. A factual attack "need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by the evidence." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 700 (9th Cir. 2020). Rios does just that, arguing that

Amazon's assertions—that (1) she completed an application for the position, (2) submitted a resume with relevant work history and education, and (3) she is not a serial plaintiff—are merely conclusory and do not establish her subjective intent when she applied. Dkt. No. 19 at 6-7. *See Davis,* 2026 WL 914781, at *5 (holding that plaintiff articulated a factual attack by challenging the truth of defendant's allegation that he was a bona fide applicant).

On a factual attack, the removing party "'must support her jurisdictional allegations with competent proof,'" *Harris*, 980 F.3d at 704 (quoting *Salter v. Quality Carriers,* Inc., 974 F.3d 959, 964 (9th Cir. 2020)), establishing the factual allegations by a preponderance of the evidence, *id.* at 701. Amazon has not done so. First, it relies on a declaration from its Senior Recruiter, Tyler Scheller, who states that Rios's application indicates she was interested in the position because her resume contained prior work experience relevant to the position, which was one of the key qualifications for the position. Dkt. No. 18 ¶ 7. But possessing one key qualification does not show that Rios was even minimally qualified, let alone that she genuinely intended to apply; and her resume does not reveal her subjective intent at the time she applied. *Davis,* 2026 WL 914781, at *6. Amazon relies next on its allegation, "on information and belief," that Rios is not a serial plaintiff to claim that she was genuinely interested in the position. Dkt. No. 1 ¶35. That too is insufficient. *See Davis,* 2026 WL 914781, at *6 ("the mere fact that [plaintiff] is not a serial litigant . . . is not enough, on its own, to carry Delta's burden to show that he intended to seek employment.").

ORDER GRANTING MOTION TO REMAND - 7

Because neither the Complaint nor the notice of removal demonstrate that Rios was a bona fide applicant, *Magadia*'s second step is not satisfied.

Having found that it lacks Article III standing, the Court does not reach Rios's remaining grounds for remand that Amazon failed to establish CAFA's jurisdictional requirements, Dkt. No. 13 at 13–15, and that CAFA's home-state exceptions independently require the Court to decline jurisdiction, *id.* at 15–17.

## 4.2    The Court denies Amazon's request for jurisdictional discovery.

Amazon seeks jurisdictional discovery into the accuracy of its standing allegations in its Notice of Removal. Whether to permit such discovery lies within the Court's discretion. *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). A district court may deny jurisdictional discovery "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *id.*, or where the request for discovery is "based on little more than a hunch that might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

The Court denies jurisdictional discovery because Amazon's proposed inquiry into Rios's good-faith effort is based on little more than a hunch. *See Davis,* 2026 WL 914781, at *8 (jurisdictional discovery request denied because defendant's proposed inquiry into plaintiff's subjective intent was based on little more than a hunch).

**4.3    Remand, not dismissal, is the proper remedy.**

Amazon argues that, if the Court lacks subject matter jurisdiction, dismissal is proper because remand is futile. Dkt. No. 15 at 21–22. Specifically, Amazon argues that Rios failed to state a claim because she applied to a different position than the one advertised in Exhibit 1. Dkt. No. 15 at 21–22 & n.8.

But remand is ordinarily the proper remedy when a court lacks subject matter jurisdiction over a removed case. *Polo*, 833 F.3d at 1196. "A narrow 'futility' exception to this general rule permits district courts to dismiss an action rather than remand it if there is 'absolute certainty' that the state court would dismiss the action following remand." *Global Rescue Jets, LLC v. Kaiser Foundation Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022). No such certainty exists here. Washington courts freely grant leave to amend, and Washington is a liberal notice pleading state. *Pacific Northwest Shooting Park Ass'n v. City of Sequim*, 144 P.3d 276, 280 (Wash. 2006). And in Washington, "[w]here the injury complained of is procedural in nature, standing requirements are relaxed." *Five Corners Family Farmers v. State*, 268 P.3d 892, 896 (Wash. 2011) (citations omitted). Remand is thus proper.

## 5.   CONCLUSION

The Court GRANTS Rios's Motion to Remand, Dkt. No. 13, and DENIES Amazon's Motion to Dismiss as moot, Dkt. No. 9. The Court REMANDS this matter remanded to King County Superior Court, effective fourteen (14) days from the date of this Order. *See* LCR 3(i).

ORDER GRANTING MOTION TO REMAND - 9

Dated this 17th day of June, 2027.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING MOTION TO REMAND - 10